UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
TRAVIS MORIN,

                                        Petitioner,

                    -against-

EARL BELL,

                                        Respondent.

--------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

18-CV-05768 (PMH)

PHILIP M. HALPERN, United States District Judge:

On October 17, 2013, Travis Morin ("Petitioner") was convicted—following a jury trial in the New York State Supreme Court, Westchester County—of Robbery in the Second Degree and Unlawful Imprisonment in the First Degree. Petitioner was sentenced to a determinate term of fifteen years' imprisonment followed by five years' post-release supervision for the robbery conviction. He was sentenced to one-and-one-third to four years' imprisonment for the false imprisonment conviction, which was to run concurrently with his robbery sentence.

On June 16, 2018, Petitioner initiated the instant action by filing a Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2254, challenging both the robbery and false imprisonment convictions and sentences. (Doc. 3, "Petition"). Respondent opposed the Petition on September 6, 2018 (Doc. 9), accompanied by a supporting memorandum of law (Doc. 10). On June 11, 2021, Magistrate Judge McCarthy issued a Report and Recommendation ("Report") recommending that the Petition be denied. (Doc. 19, "Report"). The Report was adopted by this Court without objection on October 8, 2021. (Doc. 20). Thereafter and at Petitioner's request, the Court, in an exercise of discretion, vacated that Order to allow Petitioner to submit late objections to the Report. (Doc. 31). Petitioner filed his Objections to the Report on August 8, 2022. (Doc. 34,

"Obj."). Respondents filed a Response to Petitioner's Objections to the Report on Sep. 26, 2022. (Doc. 40).

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Where a *pro se* litigant files objections to a report and recommendation, the objections are "generally accorded leniency," and a court should construe them to "raise the strongest arguments that they suggest." *Johnson v. Capra*, No. 16-CV-03116, 2018 WL 1581682, at *2 (S.D.N.Y. March 27, 2018) (citing *Milano v. Astrue*, No. 05-CV-06527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).[1] "[E]ven a *pro se* party's objections to a [report and recommendation] must be specific and clearly aimed at particular findings . . .  such that no party be allowed 'a second bite at the apple' by simply relitigating a prior argument." *Johnson*, 2018 WL 1581682, at *2 (S.D.N.Y. March 27, 2018) (citing *Pinkey v. Progressive Home Health Servs.*, No. 06-CV-05023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing *Camardo v. Gen Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-382 (W.D.N.Y. 1992)). Moreover, because "new claims may not be raised properly at this late juncture," such claims "presented in the form of, or along with,

---

[1] The Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA") requires that, if an issue was adjudicated on the merits in state court, a habeas court can only a grant a petition if either (1) the state decision "goes against an established federal law as determined by the Supreme Court" or (2) the state decision stems from an "unreasonable application of facts." *See* 28 U.S.C. § 2254(d)(1)-(2); (Report at 14, 16-18).

'objections,' should be dismissed." *Pierce v. Mance*, No. 08-CV-04736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009). Finally, "[i]f a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded." *Clemmons v. Lee*, No. 13-CV-04969, 2022 WL 255737, at *1 (S.D.N.Y. Jan. 27, 2022) (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Magistrate Judge McCarthy found in the Report that the Petition ought to be denied because: (1) the trial court in New York had territorial jurisdiction over Petitioner's crime; and (2) venue was proper in Westchester County.

Petitioner advances three arguments in his Objections: (1) the New York court did not have territorial jurisdiction over him because his participation in the robbery occurred in New Jersey; (2) his conviction violated the Sixth Amendment's Vicinage Clause; and (3) the jury was improperly instructed. (*See generally* Obj.). With respect to the first two issues, Petitioner "simply reiterates the original arguments made below," making only conclusory, general objections to the Report. Accordingly, Magistrate Judge McCarthy's findings on the first two issues will be reviewed for clear error. *Clemmons*, 2022 WL 255737, at *1. With respect to the third issue concerning jury instructions, because Petitioner did not include this argument in his Petition, the objection is waived and, in any event, fails on the merits. The Court more fully addresses each of Petitioner's Objections in turn.

     I.    Territorial Jurisdiction

Magistrate Judge McCarthy correctly concluded that Petitioner's territorial jurisdiction objection should be denied. (Report at 20). Petitioner, citing trial testimony, repeatedly contends that because the robbery occurred in New Jersey, not New York, and robbery is not a continuous crime, the New York court's exercise of territorial jurisdiction violated his Fourteenth Amendment

Due Process rights. Petitioner asserts that the jury's understanding of the facts was incorrect and consistently reiterates that he did not rob the victim, Epifanio Medina ("Medina"), in New York. Petitioner was convicted by a jury of second-degree robbery and the jury specifically found that he committed the requisite acts in Westchester County, New York. (*Id*. at 12) ("[P]etitioner's jury submitted another note saying: '[w]e agree that all charges should take place in Westchester County.'").

Magistrate Judge McCarthy determined that Petitioner's territorial jurisdiction claim fails because it does not present an issue of federal law. (*Id*. at 19) ("Petitioner's claim is not cognizable on habeas review as it does not present a question of federal law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) ("[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts."). That determination is correct and fatal to Petitioner's application herein.

In any event, and separately, Petitioner argues that the jury got this jurisdiction issue wrong. For a New York court to have territorial jurisdiction over a criminal defendant, the defendant must have committed the crime at issue or some consequence of it within state borders. *See People v. McLaughlin*, 80 N.Y.2d 466, 471 (1992); N.Y. C.P.L. § 20.20(1)(a). Disagreement with a verdict concerning where the crime occurred does not present a federal issue. (Report at 20) ("Petitioner claims that the state incorrectly determined that N.Y. C.P.L. § 20.20(1)(a) was satisfied, which he contends implicates the Fourteenth Amendment. This argument fails."); *see also McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed. Appx. 69, 75 (2d Cir. 2011) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which

is not cognizable on habeas corpus[.]"); *Santiago v. Keyser*, 2022 WL 2917493, at *10 (S.D.N.Y. May 24, 2022) ("It is well established that weight-of-the-evidence claims are purely state-law claims and are therefore not cognizable on habeas review."). Petitioner's disagreement with the jury's decision likewise does not present a federal issue.

Accordingly, the Court finds no clear error in Magistrate Judge McCarthy's findings with respect to the first objection raised by Petitioner.

II.    <u>Venue</u>

Magistrate Judge McCarthy also correctly determined that Petitioner's conviction in New York did not violate the Sixth Amendment's Vicinage Clause. Petitioner repeats the same assertions he made in the Petition and fails to identify any error in Magistrate Judge McCarthy's analysis. The term "venue" deals with the "proper county or place of trial." *McLaughlin*, 80 N.Y.2d at 471.

Not all elements of a crime need be committed in a county for that county to be the proper venue. If the defendant commits any one of the elements of the alleged offense in a given county, that county is a proper venue. *See People v. Giordano*, 87 N.Y.2d 441, 447 (1995) ("If conduct establishing one of these two elements occurred in Nassau County, that County had jurisdiction to prosecute defendants for the whole crime."). The prosecution in a criminal case need only prove venue by a preponderance of the evidence. *Cornell v. Kirkpatrick*, 665 F.3d 369, 378 (2d Cir. 2011); *Young v. McGinnis,* 411 F. Supp. 2d 278, 311 (E.D.N.Y. 2006); *People v. Moore*, 46 N.Y.2d 1, 6 (1978). A petitioner is therefore only entitled to habeas relief if the state court's decision was unreasonable rather than merely incorrect—"'a substantially higher threshold' for a prisoner to meet." *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022) (quoting *Schriro v. Landrigan*, 550 U. S. 465, 473 (2007)).

Petitioner's claim that the state court's venue decision is contrary to "established federal law as determined by the Supreme Court" fails because the Supreme Court has yet to apply the Vicinage Clause to the states. Accordingly, there is no federal law with which the decision conflicts. *See Carvajal v. Artus*, 633 F.3d 95, 110 (2d Cir. 2011) (quoting *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004)); *see also Bossett v. Walker*, 41 F.3d 825, 830 (2d Cir. 1994); *see also People v. Goldswer*, 39 N.Y.2d 656, 662 (1976). There is no clear error in the Report on this score and relief for this objection is denied.

Nevertheless, and even assuming *arguendo* that the Vicinage Clause applies, Petitioner has not shown any violation here. The Vicinage Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and *district wherein the crime shall have been committed*[.]" U.S. Const. amend. VI (emphasis added). The record here provides sufficient evidence that Petitioner committed the robbery in Westchester County. Petitioner and his associates deprived Medina of his shirt and/or rings while in North Salem, a town in Westchester County. Despite entering the woods wearing a red shirt and jewelry, officers found Medina's body shirtless and absent any jewelry. (Report at 7). Police later arrested the Petitioner wearing the red shirt and pieces of Medina's jewelry. (*Id.*). Witness testimony and the circumstances of Medina's death likewise evidenced that the crime was committed in North Salem. (*Id.* at 23). Combined, these facts show that the Petitioner committed key elements of second-degree robbery while in Westchester County, making it the "proper county or place of trial." *See* N.Y. C.P.L. §§ 160.00, 160.10; *McLaughlin*, 80 N.Y.2d at 471.

That Petitioner interprets the evidence differently does not render the jury's verdict unreasonable and, accordingly, the Court finds no clear error in Magistrate Judge McCarthy's findings with respect to the second objection raised by Petitioner.

III.        <u>Jury Instructions</u>

Construing the Objections liberally, Petitioner asserts that the jury was incorrectly instructed on the charge of Second-Degree Robbery. (*See* Obj. at 1-2).  This issue is raised for the first time in Petitioner's Objections.[2] Because it is a new argument that was not raised in the Petition, it has been waived and must be dismissed. *See Pierce,* 2009 WL 1754904 (holding that an argument raised in Petitioner's Objections but not in the original petition should be dismissed); *Johnson*, 2018 WL 1581682; *see also* 28 U.S.C. § 2254. The Petition did not include any argument related to the legal sufficiency of the jury instructions. The argument is therefore waived and, accordingly, must be dismissed.[3]

Even if the issue had been properly raised, it fails on the merits. Magistrate Judge McCarthy found that the record supports that Petitioner deprived Medina of property while in North Salem and Westchester County. (*See* Report at 23). This is well-reasoned and grounded in the facts for the reasons discussed *supra*. The record also shows the jury was instructed that "[u]nder our law, a person… may be convicted in the State of New York of an offense […] committed by that person's own conduct or the conduct of another with whom he or she is acting in concert when such conduct occurs within this state sufficient to establish one of more of the elements of such an offense." (*Id*. at 11). The Court finds these instructions to be thorough and without error.

---

[2] Petitioner raised the following arguments in his direct appeal: "(1) the trial court's *Sandoval* ruling deprived Petitioner of his "Due Process [r]ight to [t]estify"; (2) the trial court's erroneous admission of Medina's autopsy photo violated due process; (3) the trial court's decision not to allow Petitioner's jury to hear Smith's testimony in support of his own defense violated due process; and (4) the trial court's decision to allow Noble to testify as a rebuttal witness after Smith was called in Petitioner's defense violated due process." (Report at13 (cleaned up)). Petitioner raised additional grounds for relief that: (1) the trial court lacked territorial jurisdiction; (2) venue was not proper; and (3) Petitioner's trial counsel was constitutionally ineffective. (*Id*.).

[3] It also appears that Petitioner failed to properly exhaust all state remedies under 28 U.S.C. § 2254. This issue, however, has not been briefed by the parties.

Petitioner's Objections to the Report are overruled, and the Court adopts the Report in full. The Petition is, accordingly, DENIED.

Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

**SO ORDERED:**

Dated:     White Plains, New York
           April 5, 2023

_____

PHILIP M. HALPERN
United States District Judge